UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

KRISTI EGAN, ET AL                        CIVIL ACTION NO. 21-cv-3681

VERSUS                                    JUDGE DONALD E. WALTER

PJ LOUISIANA, LLC                         MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Kristi Egan and Kaitlyn Rodman ("Plaintiffs") allege that they were employed as delivery drivers for PJ Louisiana, LLC ("Defendant"), the operator of multiple Papa John's franchises. Plaintiffs filed this proposed collective action and alleged that Defendant violated the terms of the Fair Labor Standards Act ("FLSA") with respect to their pay. Before the court is Defendant's Motion to Sever and Stay (Doc. 17) in which it argues that the claims of both Plaintiffs are subject to an arbitration agreement that prohibits this litigation. Defendant also argues that the claims of the two Plaintiffs must be severed because the arbitration agreements at issue require that any arbitration be of an individual claim and that a claim will not be arbitrated on a collective or class-wide basis.

Plaintiffs do not dispute that the arbitration agreements bar the litigation of their claims in this proceedings. The only issue is that Plaintiffs ask that the court stay this action, while Defendant suggests dismissal without prejudice may be appropriate. The terms of 9 U.S.C. § 3 provide that a stay is mandatory upon a showing that the opposing party has commenced suit on an issue referable to arbitration under a written agreement, but this rule does not prevent a court from totally dismissing a case in the proper

circumstances. If "all issues raised in [an] action are arbitrable and must be submitted to arbitration, retaining jurisdiction and staying the action will serve no purpose." Alford v. Dean Witter Rentals, Inc., 975 F.2d 1161, 1164 (5th Cir. 1992). District courts have discretion on whether to order a stay or dismissal. Apache Bohai Corp. v. Texaco China, 330 F.3d 307, 311 & n.9 (5th Cir. 2003).

A dismissal, unlike a stay, may allow for an appeal, but neither side expresses any interest in that aspect of the issue. Defendant makes no particular argument in favor of dismissal and merely "recognizes that the court has discretion simply to dismiss this action without prejudice." Plaintiffs argue that a stay is more appropriate here because the Dispute Resolution Program in which the arbitration clause is found requires the parties to first submit to mediation before submitting claims to arbitration. Certain private settlements of FSLA claims may require or warrant court approval. See Hiser v. NZone Guidance, LLC, 2021 WL 2934896 (W.D. Tex. 2021). Plaintiffs urge that the court stay rather than dismiss to allow the parties access to the court in the event they wish to seek approval of a settlement agreement reached in mediation. The court has seen such motions for approval filed in FLSA cases, and there is no prejudice to Defendant to stay the case rather than dismiss it. The court finds that the best exercise of its discretion in these circumstances is to stay this civil action.

With respect to severance, Plaintiffs represented in their memorandum that they are "both currently proceeding individually and not collectively," so severance serves no purpose. Defendant was apparently satisfied with that representation and stated in its reply

that it "no longer seeks the severance of Rodman's claim." Accordingly, the court need not address the severance issue.

For the reasons stated above, Defendant's **Motion to Sever and Stay (Doc. 17)** is **granted in part and denied in part** as follows: This civil action is stayed pursuant to 9 U.S.C. § 3 until further order of the court. The clerk of court is directed to close this case for administrative purposes. The case can be reopened if the parties wish to seek judicial approval of a private settlement. The request to sever the claims of the two plaintiffs is denied as moot.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 14th day of March, 2022.

Mark L. Hornsby
U.S. Magistrate Judge